The opinion of the court was delivered by
Spencer, J.
. Hamilton & Co. being creditors of one J. C. Grigg for a large amount sued out an attachment against his property, under which writ the sheriff seized and took possession of the land in controversy in this case. The seizure under the attachment was made about four or fivep. m. on January 9, 1874. But on the morning of January 9,1874, Grigg and his half-brother, J. C. Williams, plaintiff herein, had gone before the recorder and passed an act whereby said Grigg purported to sell to his brother, J. C. Williams, the land in controversy for $7000; of which $1000 is stated to be cash ; $2000 assumpsit of a mortgage to one Moore; and for the balance, $4000, the purchaser executes his note at twelve months. There is nothing to show the date of the filing or registering of this deed beyond the certificate of the recorder, given on November 15,1877, that the act is “now on file and record” in hjs office.
Hamilton & Co. proceeded in their attachment suit to judgment against Grigg, obtained recognition of their attachment privilege, issued execution thereon, and seized and advertised the property attached for sale. Williams, alleging his inability to give bond for injunction, filed this third opposition to the sale, citing the sheriff and Hamilton & Co. as defendants. The sale proceeded, and Hamilton & Co. bought the property. They answer the opposition of Williams by alleging:
1. That they seized and attached the property before the said pretended sale could have effect, and have bought the property under said attachment proceeding.
2. That the sale from Grigg to the plaintiff was a fraudulent simulation.
Both defenses are good.
1. The plaintiff has failed to show that his deed was filed or recorded as the law directs before Hamilton & Co. attached.
2. Williams and Grigg are brothers. Grigg is shown to have been greatly embarrassed and insolvent. He stated to one of the witnesses a few days before this pretended sale that he wanted to dispose of his property, “ to beat old Hamilton, if he could.” Williams is shown to *1194 have been impecunious, without credit, industry, or enterprise; living most of the time with his mother. The $1000 cash payment,' as usual in such cases, turns out to be a pretended stale indebtedness, due years before by Grigg to plaintiff and another brother for loaned money and an'indefinite amount of cotton. The only evidence that this claim ever existed is Grigg, and he represents it as being, so far as the $500 borrowed is concerned, money borrowed by his aged and almost indigent mother for his said two brothers,who loaned it to him. One of the brothers, E. D. Williams, was sworn as to the reality of the sale from Grigg to J. C. Williams, but he knows nothing except what they had told him. He is silent as to this pretended loan. Plaintiff prudently does not testify, nor does the mother.
In our opinion the whole transaction between J. C. Williams and Grigg is an audacious and fraudulent simulation, so transparent as to be almost ludicrous.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that there be judgment rejecting the demands of J. C. Williams at his costs in both courts.
Mr. Justice Egan recused.